Rhett V. Barney, ISB #10183
LEE & HAYES, P.C.
601 W. Riverside Ave. Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256
rhettb@leehayes.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| BIG RED PLUMBING LLC dba BELIEVE PLUMBING, an Idaho limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>BUCKAROO PLUMBING LLC, an Idaho limited liability company, COLE PULSIPHER, an individual, and MARINA PULSIPHER, an individual,<br><br>Defendants. | CASE NO.<br><br>COMPLAINT |

Plaintiff, Big Red Plumbing LLC dba Believe Plumbing ("Believe" or "Plaintiff"), through its attorneys, brings this Complaint against Defendants Buckaroo Plumbing LLC ("Buckaroo"), Cole Pulsipher and Marina Pulsipher ("Pulsipher") (collectively, "Defendants") and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for trade dress infringement, unfair competition, and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for trade dress infringement and unfair competition under Idaho common law.

2. Believe is a residential plumbing company serving North Idaho. In early 2026,

Believe launched a new brand identity built around a distinctive full-vehicle wrap for its service vans. The wrap features a purple, orange, and yellow sunset over snowcapped mountains, a large illustrated mascot, and a yellow-gradient logo arranged with a curved "PLUMBING" banner and a slogan.

3. Within weeks of Believe's launch, Defendants put a van on the road wrapped in a design that copies the overall look of Believe's trade dress. Defendants operate in the same towns and offer the same services. Defendants knew of Believe's design before they finalized their own, and they later publicly called the two vans "twin[s]." Consumers have already been confused.

4. Defendants have refused to stop. Believe brings this action to end Defendants' ongoing infringement and to recover its damages.

## PARTIES

5. Plaintiff Believe is an Idaho limited liability company with its principal place of business at 1239 Michigan Street, Sandpoint, Idaho 83864. Believe does business as "Believe Plumbing" and also operates from 827 West Prairie Avenue, Room 208, Hayden, Idaho 83835.

6. On information and belief, Defendant Buckaroo is an Idaho company that does business as "Buckaroo Plumbing" and was formerly known as "Method Plumbing," with its principal place of business at 2532 North Tiatan Street, Post Falls, Idaho 83854.

7. On information and belief, Defendant Cole Pulsipher is an individual residing in Post Falls, Idaho, and is an owner of Buckaroo.

8. On information and belief, Defendant Marina Pulsipher is an individual residing in Post Falls, Idaho, and is an owner of Buckaroo.

9. On information and belief, Cole Pulsipher and Marina Pulsipher personally selected, approved, and directed the creation and continued use of the infringing trade dress

described below.

## JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction over the Lanham Act claims under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). It has jurisdiction over the state-law claim under 28 U.S.C. § 1338(b), because that claim is joined with a substantial and related claim under the trademark laws, and under 28 U.S.C. § 1367(a).

11. This Court has personal jurisdiction over Defendants because each resides in and/or is organized under the laws of Idaho, and each committed the tortious acts alleged here in Idaho.

12. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2). The Northern Division is the appropriate division because the parties are located in, and the events occurred in, Kootenai and Bonner Counties.

## FACTUAL ALLEGATIONS

13. Believe, formerly known as Big Red Plumbing, provides residential plumbing services throughout North Idaho.

14. Believe participates in a plumbing-business coaching program known as MDP (Million Dollar Plumber). MDP encourages members to adopt a friendly, distinctive brand and refers them to professional branding firms, including Kongify, LLC. Believe found Kongify through that referral.

15. On May 4, 2025, Believe engaged Kongify to develop a new brand identity, including a business name, logo, mascot, color palette, and vehicle wrap design. Believe paid Kongify in full.

16. In October 2025, Believe filed to do business under the name "Believe Plumbing."

17. On December 11, 2025, Kongify published images of Believe's completed van

wrap design on its Facebook page and other online channels as part of its public portfolio.




18. On February 16, 2026, Believe publicly posted a preview image partially showing its newly wrapped van. Believe put its first wrapped van into service in February 2026, and it continued previewing the new brand over the following weeks.

19. Believe completed its public brand launch on March 18, 2026. On or about March 22, 2026, Believe put its second wrapped van into service. Believe now operates a fleet of vans bearing its wrap.

20. Believe invested substantially in its rebrand, including Kongify's fees and the cost of producing and installing full-vehicle wraps, which ran several thousand dollars per van.

21. Believe promotes its brand through its vehicles, its website (CallBelievePlumbing.com), and social media. Believe advertises through platforms accessible nation-wide, purchases equipment and materials shipped from outside Idaho, and serves customers near the Washington border.

22. Believe's trade dress (the "Believe Trade Dress") is the overall look and visual impression of Believe's service vehicles, created by the combination of the following elements:

a. a full-vehicle wrap depicting a sunset in a gradient of purple, orange, and yellow, with snowcapped mountains and an evergreen treeline along the lower portion of the vehicle's side panels;

b. a large, full-body, cartoon-style mascot character in an illustrated style, placed prominently on the side panel next to the logo;

c. a logo in which the first word of the company name appears in large, stylized, outlined lettering filled with a yellow gradient running from light to dark yellow;

d. the word "PLUMBING" in a smaller font on a curved, banner-style background directly beneath the first word of the company name; and

e. the company slogan in small, light-colored lettering placed directly above the logo.




23. Believe claims protection in the overall combination and arrangement of these elements as a whole. The specific combination of these elements, in the color palette and arrangement described above, creates the distinctive commercial impression that identifies Believe as the source of its services.

24. Believe owns the Believe Trade Dress through its exclusive use in commerce. In

addition, Kongify has assigned to Believe all right, title, and interest it held in the underlying design, effective May 4, 2025.

25. The Believe Trade Dress is non-functional. Its elements are ornamental and source-identifying. None is essential to the use or purpose of a plumbing service vehicle or of plumbing services, and none affects their cost or quality. Competitors have countless alternative color palettes, scenes, mascots, and logo treatments available to them.

26. The Believe Trade Dress is inherently distinctive. Its combination of color palette, scenery, mascot, and logo arrangement is unique among plumbing service providers, and consumers perceive it as identifying a single source.

27. In addition, and in the alternative, the Believe Trade Dress has acquired distinctiveness. Believe's wrapped vans travel throughout North Idaho daily and are parked outside of customers' homes during service calls. Believe also features its vans and brand on its website and social media, which are accessible nation-wide. Defendants' imitation of the Believe Trade Dress, described below, is further evidence of its distinctiveness.

28. Buckaroo is a residential plumbing company that operates in the same North Idaho service area as Believe, including Sandpoint, Coeur d'Alene, Hayden, Post Falls, Sagle, and Athol, and competes with Believe for the same customers. Buckaroo previously operated as "Method Plumbing."

29. Cole Pulsipher and Marina Pulsipher own Buckaroo and are also members of the MDP coaching program. They joined MDP's online community on or about March 5, 2026.

30. As of mid-March 2026, Defendants had not yet chosen their new name. On or about March 12, 2026, they sought feedback on the name "Buckaroo" in an MDP group session. On March 13, 2026, Marina Pulsipher announced to the MDP community that Defendants had chosen

"Buckaroo Plumbing." The same day, Defendants filed to reserve that name with the Idaho Secretary of State.

31. By then, the Believe Trade Dress had been publicly displayed in Kongify's portfolio for three months, and Believe's wrapped vans were in service in North Idaho.

32. On April 24, 2026, Marina Pulsipher posted an image of Buckaroo's van wrap to the MDP community. She described it as an "almost final draft" and stated that Defendants were "a couple weeks away" from their rebrand.


Marina Pulsipher
Apr 24 • General discussion

**Rebrand gaining momentum!**

We are a couple weeks away on the rebrand from Method Plumbing to Buckaroo Plumbing.

Here is our (almost final draft) of our wrap. We're so excited!!!

We were initially fixing to rebrand to Water Heaters Plus before starting MDP...

THANK GOD for Richard and Laura 😂🌇

Feedback is always welcome



33. On information and belief, by May 2026 Defendants had begun using service vehicles bearing a wrap and branding (the "Infringing Trade Dress") that imitates the Believe Trade Dress, as well as displaying the Infringing Trade Dress through the website BuckarooPlumbing.com. The Infringing Trade Dress includes:

a. a full-vehicle wrap depicting a sunset in a gradient of purple, orange, and yellow, with snowcapped mountains along the lower portion of the side panels;

b. a large, full-body, cartoon-style mascot character in a similar illustrated style, placed prominently on the side panel next to the logo at a comparable scale;

c. a logo in which the first word of the company name, "BUCKAROO," appears in large, stylized, outlined lettering filled with a yellow gradient running from light to dark yellow that is essentially identical to Believe's;

d. the word "PLUMBING" in a smaller, nearly identical font on a curved, banner-style background directly beneath the first word of the company name; and

e. the company slogan in small, light-colored lettering placed directly above the logo.




34. Defendants personally designed or directed the design of the Infringing Trade Dress. In their own words, they "designed [the Infringing Trade Dress] very closely ourselves."

35. Defendants use the Infringing Trade Dress to advertise and provide residential plumbing services in the same communities Believe serves, including through the website

BuckarooPlumbing.com displayed on their vehicle.

36. Believe has never authorized Defendants to use the Believe Trade Dress or any confusingly similar trade dress.

37. On May 22, 2026, Dillon Emery, Believe's owner, encountered Cole Pulsipher in person. During that conversation, Cole Pulsipher stated that Defendants had seen Believe's design in Kongify's portfolio and had been inspired by it.

38. On May 22, 2026, Marina Pulsipher posted to the Million Dollar Plumber Success Academy Community group on Facebook a photograph of a Buckaroo van parked beside a Believe van, with the caption "Cole ran into our local MDP twin."




39. Defendants' own timeline confirms that they finalized the Infringing Trade Dress after the Believe Trade Dress was public. Defendants did not choose their name until March 13, 2026, and had not finalized their wrap as of April 24, 2026.

40. Defendants' use of the Infringing Trade Dress has caused actual confusion. Several members of the public in Believe's service area have told Believe that they believed a Buckaroo

vehicle was Believe’s, and others have approached Believe’s personnel about the similarity between the two companies’ vehicles.

41. The owner of a local excavating company that does business with Believe wrote to Believe asking whether the two companies used the same marketing firm, explaining that she had been “confused for a moment.”

42. Another person affiliated with the same excavating company reached out to Believe on June 3, 2026, stating “[Defendants’s’] wrap looks similar to your vans.”




43. In or about June of 2026, owners of two other local businesses, after seeing a Buckaroo van, contacted Believe to ask whether the two companies were related, and stated that they had been confused.

44. On or about June 22, 2026, Believe wrote to Defendants about the confusing similarity and asked them to change their design. Defendants responded in writing. They acknowledged the vehicles' "similar color scheme" and stated that they had posted the photograph of both vans to the coaching group because they "thought it was funny and that great minds think alike." Defendants also stated to Believe that the similarities in the designs "could be used to our mutual benefit."

45. On July 8, 2026, Believe, through counsel, sent Defendants formal written notice of its rights in the Believe Trade Dress and demanded that they stop using the Infringing Trade Dress.

46. The same day, Marina Pulsipher posted in the same Facebook group acknowledging the closeness of the two companies' color schemes.



47. Defendants denied infringement. They continue to use the Infringing Trade Dress.

48. Defendants have known of the Believe Trade Dress and of the confusion their trade dress causes since at least May 22, 2026, and have had written notice since at least June 22, 2026. Their continued use of the Infringing Trade Dress is knowing and willful.

49. Defendants' conduct has caused, and unless enjoined will continue to cause, irreparable harm to Believe. That harm includes loss of control over its reputation, erosion of the source-identifying power of the Believe Trade Dress, and loss of goodwill. Believe has no adequate remedy at law.

## COUNT I
## Trade Dress Infringement
## 15 U.S.C. § 1125(a)

50. Believe incorporates all of the foregoing paragraphs as if fully set forth herein.

51. Believe owns the Believe Trade Dress. It has used the Believe Trade Dress in commerce continuously since at least February 2026, before Defendants first used the Infringing Trade Dress.

52. The Believe Trade Dress is non-functional.

53. The Believe Trade Dress is inherently distinctive. In addition, and in the alternative, it has acquired distinctiveness through Believe's continuous and prominent use and through Defendants' imitation.

54. Defendants use the Infringing Trade Dress in commerce in connection with advertising and providing residential plumbing services.

55. Defendants' use of the Infringing Trade Dress is likely to cause confusion, mistake, or deception as to the source, sponsorship, affiliation, or approval of Defendants' services, in violation of 15 U.S.C. § 1125(a)(1)(A). Among other things:

a. the Infringing Trade Dress creates an overall commercial impression closely similar to that of the Believe Trade Dress;

b. Believe and Defendants offer identical services to the same customers in the same North Idaho communities;

c. both parties market through the same channels, including their service vehicles, social media, and local community groups;

d. residential plumbing services are purchased by ordinary consumers, often urgently and without a high degree of care;

e. Defendants adopted the Infringing Trade Dress with knowledge of the Believe Trade Dress;

f. Defendants' use has already caused actual confusion; and

g. Defendants themselves have acknowledged the similarity.

56. Defendants have used the Infringing Trade Dress without Believe's consent.

57. Defendants' infringement has been knowing and willful.

58. Cole Pulsipher and Marina Pulsipher are personally liable because they personally authorized, directed, and participated in the infringement.

59. As a direct and proximate result of Defendants' infringement, Believe has suffered and will continue to suffer damages, including lost business and injury to its goodwill and reputation. It has also suffered irreparable harm for which it has no adequate remedy at law.

60. Believe is entitled to:

a. preliminary and permanent injunctive relief under 15 U.S.C. § 1116;

b. destruction of infringing materials under 15 U.S.C. § 1118; and

c. Defendants' profits, Believe's damages, and costs under 15 U.S.C. § 1117(a), with

damages enhanced up to three times and profits adjusted as the Court finds just.

61. Because Defendants' infringement is willful, this is an exceptional case, and Believe is also entitled to reasonable attorney's fees under 15 U.S.C. § 1117(a).

**COUNT II**
**Unfair Competition and False Designation of Origin**
**15 U.S.C. § 1125(a)(1)(A)**

62. Believe incorporates all of the foregoing paragraphs as if fully set forth herein.

63. Defendants' use of the Infringing Trade Dress in commerce in connection with plumbing services is a false designation of origin and a false or misleading representation of fact. It is likely to cause confusion, mistake, or deception as to Defendants' affiliation, connection, or association with Believe, and as to the origin, sponsorship, or approval of Defendants' services by Believe.

64. Believe is Defendants' direct competitor in the same market. Defendants' conduct has injured, and is likely to continue to injure, Believe's commercial interests in its reputation and sales by diverting customers and goodwill to Defendants and by depriving Believe of control over the reputation associated with its trade dress.

65. Defendants' conduct has been knowing and willful. Cole Pulsipher and Marina Pulsipher personally authorized, directed, and participated in it.

66. As a direct and proximate result, Believe has suffered and will continue to suffer damages and irreparable harm. It is entitled to the relief provided by 15 U.S.C. §§ 1116, 1117(a), and 1118.

**COUNT III**
**Trade Dress Infringement and Unfair Competition**
**Idaho Common Law**

67. Believe incorporates all of the foregoing paragraphs as if fully set forth herein.

68. Believe owns protectable, non-functional, and distinctive trade dress rights in the Believe Trade Dress in Idaho. Those rights predate Defendants' first use of the Infringing Trade Dress.

69. Defendants adopted and used the Infringing Trade Dress to provide identical services to the same customers in the same market. Doing so is likely to confuse consumers as to the source of Defendants' services and passes off Defendants' services as those of, or affiliated with, Believe. This conduct constitutes trade dress infringement and unfair competition under Idaho common law.

70. Defendants acted knowingly and willfully, with knowledge of Believe's prior rights. Cole Pulsipher and Marina Pulsipher personally authorized, directed, and participated in that conduct.

71. As a direct and proximate result, Believe has suffered damages in an amount to be proven at trial, including lost business and injury to its goodwill. It has also suffered irreparable harm for which it has no adequate remedy at law, entitling it to injunctive relief.

## **PRAYER FOR RELIEF**

Plaintiff prays for judgment against Defendants and all their affiliates, agents, servants, employees, owners, partners, and all persons in active concert or participation with them, for the following relief:

A. Enter judgment in favor of Plaintiff and against Defendants on all Counts alleged herein;

B. A preliminary and permanent injunction under 15 U.S.C. § 1116(a) and Federal Rule of Civil Procedure 65 enjoining Defendants, their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, from using the

Infringing Trade Dress, or any other trade dress confusingly similar to the Believe Trade Dress, in connection with the advertising, promotion, offering, or provision of plumbing or related services;

C. An order under 15 U.S.C. § 1118 requiring Defendants to deliver up for destruction all vehicle wraps, signs, labels, advertisements, and other materials bearing the Infringing Trade Dress, and all means of making them;

D. An award of Defendants' profits attributable to their infringement under 15 U.S.C. § 1117(a), increased in such sum as the Court finds just if the recovery based on profits is inadequate;

E. An award of Believe's actual damages under 15 U.S.C. § 1117(a), enhanced up to three times the amount found as the Court finds just, given the willful nature of Defendants' conduct;

F. A finding that this is an exceptional case and an award of Believe's reasonable attorney's fees under 15 U.S.C. § 1117(a);

G. An award of Believe's costs of this action under 15 U.S.C. § 1117(a), 28 U.S.C. § 1920, and Federal Rule of Civil Procedure 54(d)(1);

H. An award of compensatory damages under Idaho common law in an amount to be proven at trial;

I. An award of pre-judgment interest as allowed by law, and post-judgment interest under 28 U.S.C. § 1961; and

J. For other and further relief, in law or in equity, to which Plaintiff may be entitled or which the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Under Federal Rule of Civil Procedure 38(b), Plaintiff Big Red Plumbing LLC dba Believe Plumbing hereby demands a trial by jury on all claims and issues so triable.

Respectfully submitted this 16th day of November, 2026.

s/ Rhett V. Barney
Rhett V. Barney, ISB #10183
LEE & HAYES, P.C.
601 W. Riverside Ave. Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256
rhettb@leehayes.com

*Attorneys for Plaintiff*